COSMOPOLITAN RANGE CO. v. MIDLAND RAILROAD TERMINAL CO.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

AGENCY—ESTOPPEL.

> C., by authority of defendant, of whose hotel he was lessee, ordered a range therefor of plaintiff, and defendant paid therefor. A year later, on C.'s order, plaintiff took out this range, and put in another, and other things in immediate connection and usable with it, and without which it could not have been used. Thereafter defendant ordered additional work connected therewith. No notice was given that C.'s agency had ended. *Held*, that defendant was estopped to deny continuance of C.'s agency, and that, C. having testified to an agreement between him and defendant that defendant should pay for all necessary fixtures required, plaintiff was entitled to recover for the articles so put in.

Appeal from municipal court, borough of Richmond, First district.

Action by the Cosmopolitan Range Company against the Midland Railroad Terminal Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Lyman A. Spalding, for appellant.
John G. Clark, for respondent.

GOODRICH, P. J. In June, 1898, the plaintiff delivered and set up an oyster range, pipes, etc., in Cable's Hotel, which belonged to the defendant, and was then leased to Cable. Cable ordered the goods, the bill being for $356.45, and including an item of $105 for an oyster range. The company paid for the range (the price having been reduced to $80, by agreement), but refused to pay for the other things, on the ground that it had not ordered the goods, and that Cable had no authority to bind it. It is admitted that some months afterwards the defendant ordered some other work, amounting to $35, in connection with the previous work, and for this the defendant admitted its liability. It was for this sum only that the plaintiff recovered judgment. The plaintiff appeals, and contends that it should have recovered the whole balance unpaid.

In 1897, Cable was authorized by the defendant to order, and did order, another range of the plaintiff, for the same hotel, and the defendant paid the bill therefor. This range was taken out by the plaintiff in 1898, and the new one substituted. In addition to this, the defendant admits that, after the plaintiff furnished the range, it ordered additional work connected therewith, and was liable for the bill, amounting to $35. No notice was given that Cable's agency had ended. We think, under the facts, that this estops the defendant to deny the continuance of such agency. In addition to this, Cable testified that there was an agreement in writing between himself and the defendant that it should pay for all necessary fixtures that were required in the hotel, and it appears that the goods other than the range were set up in immediate connection and usable with the range, which could not have been used without them. We think that in this condition of the evidence the court was not justified in finding against the plaintiff's claim as to the items in question, and the judgment should be reversed.

Judgment of the municipal court reversed, and new trial ordered in the same district; costs to abide the event. All concur.